NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30072 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00069-BMM-6 |
| v. | |
| DENISE L. SHARP, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Denise L. Sharp appeals from the district court's judgment and challenges

the 9-month sentence imposed following her guilty-plea conviction for theft from

an Indian tribal government receiving federal funding, in violation of 18 U.S.C.

§ 666(a)(1)(A), and wire fraud, in violation of 18 U.S.C. § 1343.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sharp first contends that the court erred by applying a two-level enhancement for abuse of a position of trust pursuant to U.S.S.G § 3B1.3. We review the court's factual findings for clear error and its application of the Sentencing Guidelines to those findings for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record reflects that Sharp was a personnel manager who was subject to minimal supervision and had the discretion to set extended working hours, including the fraudulent overtime hours that formed the basis of her offense. The court did not clearly err by finding that Sharp held a position of trust that she used to conceal the commission of the offense. *See* U.S.S.G § 3B1.3 cmt. n.1; *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013) ("[T]he presence or lack of professional or managerial discretion represents the decisive factor in deciding whether a defendant occupied a position of trust." (internal quotation marks omitted)).

Sharp also argues that the sentence is substantively unreasonable. Contrary to Sharp's contention, the district court considered the totality of the circumstances, including the amount of fraudulent overtime attributed to her, and did not abuse its discretion in imposing the significantly below-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

19-30072